UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMMIGRANT DEFENSE PROJECT and CENTER FOR CONSTITUTIONAL RIGHTS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendants. | No. 20 Civ. 10625 (RA) |
| IMMIGRANT DEFENSE PROJECT and CENTER FOR CONSTITUTIONAL RIGHTS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 22 Civ. 9920 (RA) |

## ~~PROPOSED~~ STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

WHEREAS, on June 17, 2020, plaintiffs Immigrant Defense Project ("IDP") and Center for Constitutional Rights ("CCR") (together, "Plaintiffs") made a request ("First Request") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the United States Department of Homeland Security ("DHS") and United States Immigration and Customs

Enforcement ("ICE"), for certain records relating to an ICE program called "Operation Palladium";

WHEREAS, on December 16, 2020, Plaintiffs filed an action against ICE and DHS, seeking to compel them to produce documents in response to the First Request, 20 Civ. 10625 ("*IDP I*"), ECF No. 1;

WHEREAS, with respect to the First Request, ICE produced responsive documents to Plaintiffs and withheld certain responsive documents as exempt in part;

WHEREAS, the parties cross-moved for summary judgment with respect to the First Request, and on February 13, 2023, the Court granted in part Plaintiffs' motion, ordering ICE to run additional searches and revisit its withholding of certain information, *IDP I*, ECF No. 71;

WHEREAS, from March 2023 through November 2023, ICE made supplemental productions in *IDP I*;

WHEREAS, on May 25, 2022, Plaintiffs made an additional FOIA request to the DHS and United States Customs and Border Protection ("CBP," and together with DHS and ICE, "Defendants"), for certain records relating to ICE and DHS enforcement operations ("Second Request");

WHEREAS, on June 3, 2022, Plaintiffs made another FOIA request to CBP, for certain records relating to ICE and DHS enforcement operations ("Third Request," and together with the First Request and Second Request, the "Requests");

WHEREAS, on November 21, 2022, Plaintiffs filed a second action, against CBP and DHS, seeking to compel them to produce documents in response to the Second Request and Third Request, 22 Civ. 9920 ("*IDP II*"), ECF No. 1;

WHEREAS, on March 8, 2023, the Court issued a scheduling and processing order in *IDP II*, ECF No. 34;

WHEREAS, from February 2023 through November 2023, CBP and ICE produced to Plaintiffs documents responsive to the Second Request and Third Request and withheld certain responsive documents as exempt in part;

WHEREAS, in January 2024, DHS produced to Plaintiffs documents responsive to the Second Request and withheld certain responsive documents as exempt in whole or in part;

WHEREAS, in December 2023, the parties reported to the Court that all substantive issues in the litigation had been resolved, and they were in the process of attempting to negotiate Plaintiffs' claims for attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), *IDP II*, ECF No. 48; and

WHEREAS, the parties now wish to settle Plaintiffs' claims for attorneys' fees and litigation costs and dismiss both the *IDP I* and *IDP II* actions (together, the "Actions");

NOW, THEREFORE, it is hereby STIPULATED and AGREED between the parties to the Actions as follows:

1. The records produced by Defendants fully settle any and all claims Plaintiffs now have or may hereafter acquire against Defendants or the United States of America ("United States"), or any department, agency, officer, or employee of Defendants and/or the United States, related to or arising out of the Requests at issue in the Actions.

2. As soon as reasonably practicable after the Court has endorsed and docketed this Stipulation and Order in both Actions, Defendants shall pay to Plaintiffs the sum of one hundred twenty-four thousand nine hundred fifty dollars and fifty cents ($124,950.50) in attorneys' fees and litigation costs ("Settlement Amount"), pursuant to 5 U.S.C. § 552(a)(4)(E); of the Settlement

Amount, ICE will pay Plaintiffs eighty-seven thousand three hundred five dollars and thirty-five cents ($87,305.35) and CBP will pay Plaintiffs thirty-seven thousand six hundred forty five dollars and fifteen cents ($37,645.15).  The payments of the Settlement Amount shall constitute full and final satisfaction of any and all claims by Plaintiffs for attorneys' fees and litigation costs in the Actions, and they are inclusive of any interest.  The payments shall be made by electronic funds transfers, and counsel for Plaintiffs will provide the necessary information to counsel for Defendants to effectuate the transfers.

3. The Actions are hereby dismissed with prejudice, and without costs or fees other than as provided in paragraph 2 of this Stipulation and Order, provided that the Court shall retain jurisdiction over any issues that may arise relating to this Stipulation and Order.

4. Nothing in this Stipulation and Order shall constitute an admission by the United States or its agencies, including ICE, CBP, and DHS, that Plaintiffs "substantially prevailed" in these actions under 5 U.S.C. § 552(a)(4)(E), or are entitled to or eligible for any attorneys' fees or litigation costs.  This Stipulation and Order is entered into by the parties solely for the purpose of compromising disputed claims in the Actions and avoiding the expenses and risks of further litigation concerning Plaintiffs' claims for attorneys' fees and litigation costs.  This Stipulation and Order is non-precedential with respect to any other proceeding involving any of the parties, including, but not limited to, any other FOIA action or administrative proceeding, and shall have no effect or bearing on any pending or future request for records made by Plaintiffs under FOIA.

5. This Stipulation and Order contains the entire agreement between the parties, and no statement, representation, promise, or agreement, oral or otherwise, between the parties or their counsel that is not included herein shall have any force or effect.

6. This Stipulation and Order may be executed in counterparts. Facsimile or pdf signatures shall constitute originals.

7. This Stipulation and Order shall be effective only upon entry by the Court and shall have no effect otherwise.

[*Remainder of page intentionally left blank.*]

Dated: New York, New York
      April 3, 2024

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By: _____
    ALLISON M. ROVNER
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel: (212) 637-2691
    allison.rovner@usdoj.gov
    *Attorney for Defendants*

Dated: New York, New York
      April 3, 2024

    GHITA SCHWARZ

By: _____
    GHITA SCHWARZ
    LatinoJustice
    475 Riverside Drive, Suite 1901
    New York, New York 10015
    Tel: (212) 219-3360
    gschwarz@latinojustice.org

    ANDREW WACHTENHEIM
    Immigrant Defense Project
    121 Sixth Avenue #6
    New York, New York 10013
    Tel: (212) 725-6421
    andrew@immdefense.org

    MARIA LAHOOD
    Center for Constitutional Rights
    666 Broadway, 7th Floor
    New York, New York 10013
    Tel: (212) 614-6445
    mlahood@ccrjustice.org
    *Attorneys for Plaintiffs*

SO ORDERED.

_____
HON. RONNIE ABRAMS
United States District Judge

Dated: April 4, 2024